UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                                    ORDER

ARDAE HINES,                                   17-CR-364-2 (CS)

                      Defendant.
------------------------------------------------------x

Seibel, J.

       Before the Court is Defendant Ardae Hines' motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 607), and the Government's opposition thereto, (Doc. 609).

       Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*,

976 F.3d 228, 237 (2d Cir. 2020).¹ "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

On July 31, 2019, Defendant was sentenced principally to one hundred eighty months' imprisonment on his convictions for racketeering conspiracy and narcotics conspiracy. (Doc. 434.) That sentence was significantly below his Sentencing Guidelines range of 210-262 months. (Doc. 505 ("PSR") at 33.) Defendant has served almost forty-eight months.

Defendant argues that the dangers posed by the COVID-19 pandemic to those in prison, combined with his medical conditions (asthma, heart murmur, severe obesity, pre-diabetes and history of smoking), present an extraordinary and compelling circumstance. The Government argues that none of these conditions are documented in Defendant's Bureau of Prisons ("BOP") medical records.² But those records document that Defendant has a history of smoking, (*see* 2019-2020 Medical Records at 45), and that his height is 6'4" and his weight in 297, (*id.* at 9), which gives him a body mass index ("BMI") of 35.9. That BMI constitutes obesity (although not severe obesity), which – like a history of smoking – is a condition identified by the Centers for Disease Control ("CDC") as a factor that increases the risk of a severe case if one were to contract COVID-19. But for multiple reasons, I do not find that risk to create an extraordinary and compelling circumstance.

First, Defendant has already had COVID-19 (a fact he failed to mention in his motion) and, despite his risk factors, fortunately did not suffer a severe case. Now that he has been

---

¹The Government needs to update its boilerplate, which does not mention *Brooker*.

²The Court will file the medical records under seal.

diagnosed with the disease and weathered it, a sentence reduction based on the risk of contracting it no longer makes sense. "This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis." *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020); *see United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v. Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19."). Reinfection, while not impossible, is rare, according to the CDC.

Second, Defendant received the first Moderna vaccination on or about May 4, 2021, and will receive the second one in early June. Just the first vaccine is, according to the CDC, 80% effective after two weeks. Third, while FCI Allenwood, where Defendant is incarcerated, had an outbreak of COVID-19, it appears to have passed, with (according to BOP) no current inmate or staff cases.

In the absence of evidence of increased risk grounded in medical fact, "pointing to the mere existence of COVID-19 either in a prison facility or in society generally is not enough to satisfy the 'extraordinary and compelling reasons' requirement of 18 U.S.C. § 3582(c)(1)(A)." *United States v. Davis*, No. 14-CR-296, 2020 WL 5628041, at *3 (S.D.N.Y. Sept. 21, 2020) (internal quotation marks omitted) (collecting cases), *reconsideration denied*, 2020 WL 5912811

(Oct. 6, 2020) ; *see United States v. Otrosinka*, No. 12-CR-300, 2020 WL 5628060, at *4 (W.D.N.Y. Sept. 21, 2020) ("generalized fear" of contracting COVID-19 does not constitute extraordinary and compelling reason justifying release) (collecting cases). Nor do the conditions implemented during the pandemic elevate Defendant's situation to that level. I do not mean to minimize the difficulty that the pandemic has caused for inmates (or those on the outside, for that matter), but those universal conditions do not give rise to extraordinary and compelling circumstances. *See United States v. Johnson*, No. 98-CR-860, 2021 WL 1207314, at *4 (E.D.N.Y. Mar. 31, 2021); *United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020).

For the reasons stated above, Defendant has not shown extraordinary and compelling circumstances.

Further, even if he had, reducing his already-below Guidelines sentence by almost three quarters would not sufficiently serve the purposes of sentencing outlined in § 3553(a). Defendant was an active member and respected leader of a violent gang that helped make Newburgh an incredibly dangerous place for law-abiding people. He personally put a large amount of crack and heroin onto the streets; glorified on social media the gang, its violence and the money to be made by drug dealing; and threatened violence to rival gangs and cooperators. He was not an immature youth at the time, but a grown man in his late twenties. The instant offense was his ninth conviction (not counting six juvenile offenses) and his fifth felony. Several of his offenses, including the instant ones, were committed while he was on supervision. A four-year sentence would be woefully inadequate to reflect the seriousness of the offense or Defendant's criminal history and disrespect for the law. It would not suffice to protect the public from further crimes (unfortunately a likelihood, given Defendant's track record), promote

4

respect for the law or deter others.  Accordingly, I would deny the motion based on the § 3553(a) factors even if extraordinary and compelling reasons existed.

      For the above-stated reasons, the motion is denied.  The Clerk of Court is respectfully directed to terminate Doc. 607 and to send a copy of this Order to Ardae Hines, No. 79260-054, FCI Allenwood Medium, Federal Correctional Institution, P.O. Box 2000, White Deer, PA 17887.

Dated: May 24, 2021
       White Plains, New York

                                              _____
                                              CATHY SEIBEL, U.S.D.J.